IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____, Courtroom_____.

CLEARY BUILDING CORP., a Wisconsin corporation,

   Plaintiff,

v.

DAVID A. DAME, an individual,

   Defendant.

---

## COMPLAINT

---

   Plaintiff CLEARY BUILDING CORP. ("Cleary Building"), for its Complaint against

DAVID A. DAME ("Dame" or "Defendant"), alleges as follows:

**Nature of the Action –**
**Cybersquatting, Trademark Infringement, Trademark Dilution, False Advertising,**
**Defamation, Fraud, Trade Disparagement, and Breach of Contract**

   1.  This is an action for injunctive relief and damages arising out of Defendant's bad

faith registration of www.myclearybuilding.com contrary to Section 43(c) of the Lanham Act, 15

U.S.C. § 1125(d), Defendant's trademark dilution by tarnishment by using

www.myclearybuilding.com and the CLEARY BUILDING CORP. mark in commerce contrary

to Section 43 of the Lanham Act, 15 U.S.C. § 1125(c), Defendant's infringement of Cleary

Building's registered CLEARY BUILDING CORP. mark and logo in violation of Section 32 of

the Lanham Act, 15 U.S.C. § 1114, Defendant's infringing, false, misleading, deceptive and

unfair competitive practices in the advertising and offering to sell goods using the CLEARY

BUILDING CORP. mark in commerce contrary to Section 43 of the Lanham Act, 15 U.S.C. §

1125(a), and Defendant's trademark misuse, unfair and deceptive practices, defamation, trade disparagement, and breach of contract all in violation of Colorado state law.

## The Parties

2.      Cleary Building is a Wisconsin corporation that maintains its principal place of business in Verona, WI.  Cleary Building is a family owned business founded in 1978, and is a leading manufacturer and builder of pre-engineered structures.  Cleary Building is registered as a foreign corporation of good standing in the state of Colorado.

3.      Upon information and belief, Defendant is an individual residing at 11707 Anderson Ave, Franktown, Colorado, within this judicial district.

4.      Defendant conducts business in the State of Colorado, and has availed himself of the laws of the State of Colorado.  Defendant has injured Cleary Building in Colorado and Defendant's tortious and wrongful conduct has been committed in Colorado.

## Jurisdiction and Venue

5.      This is an action for federal cybersquatting, trademark infringement, trademark dilution, unfair competition, and trademark misuse arising under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and fraud, trademark misuse, defamation, trade disparagement, and breach of contract all in violation of Colorado state law.

6.      This Court has original jurisdiction over the federal cybersquatting, trademark infringement, trademark dilution, unfair competition and trademark misuse claims pursuant to 15 U.S.C. §§ 1114, 1121, 1125 and 28 U.S.C. §§ 1331, 1338.

7.     Diversity of citizenship jurisdiction also exists as the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs.  28 U.S.C. § 1332.

8.     Supplemental jurisdiction is proper for the state law claims under 28 U.S.C. § 1367(a) as the claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

9.     Venue is proper in the United States District Court for the District of Colorado under 28 U.S.C. §§ 1391(a) and (b) because Defendant resides in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## CLEARY BUILDING's Business and Trademarks

10.     Cleary Building is a family owned business founded in 1978 to offer quality buildings at an affordable price.  For over 30 years, Cleary Building has manufactured and constructed quality pre-engineered structures for use as churches, stores, manufacturing plants, barns, warehouses, garages, airplane hangars, and more.

11.     Cleary Building has been offering its products and services in the United States since 1978.  With its quality products and customer service, Cleary has attained a substantial measure of goodwill and has become a highly-regarded name in the building industry.

12.     Over time, Cleary Building has built upon the demand for, and success of, its products and services and has expanded its operations throughout the United States, including three manufacturing facilities and over 77 offices nationwide.

13.     To date, Cleary Building has constructed over 77,500 structures.  In doing so, Cleary Building has received numerous accolades, positive customer satisfaction and business practice ratings and received outstanding feedback from its customers.   For example, Cleary

Building has earned an A rating from the Better Business Bureau, a high 4A1 rating from Dun & Bradstreet, recognition as a finalist for the Ernst & Young Entrepreneur of the Year Award, and has a 98.78/% client satisfaction rating.

14.    Cleary Building owns multiple United States Trademarks which clearly identify Cleary Building's products from those made and sold by others.  Cleary Building's trademarks (collectively "Cleary Building's Marks") include, but are not limited to:

a)  United States Trademark Registration No. 3,371,844, in international class 37, covering its CLEARY BUILDING CORP. logo (the "CLEARY BUILDING Logo"):



Cleary Building's first commercial use of the CLEARY BUILDING Logo was in or about August 1982 and its first use in Colorado was in or about January 1993.

b)  United States Trademark Registration No. 1,597,831, in international class 37, covering its stylized shamrock logo (the "Cleary Shamrock"):



Cleary Building's first commercial use of the Cleary Shamrock was in or about June 1983 and its first use in Colorado was in or about January 1993.

c)   United States Trademark Registration Nos. 3,554,094 and 3,564,573, in international class 37, covering its BUILT WITH PRIDE BEFORE THE SHAMROCK IS APPLIED mark and its stylized mark:



d)   Cleary Building has multiple additional trademark applications and registered marks associated with its high-quality products and services including United States Trademark Registration Nos. 3,553,653, 3,454,951, 3,419,581, and 3,454,953, and Serial Nos. 77,735,440, 77,735,334, 77,736,331, 77,736,325, and 77,736,320.

15.     As part of Cleary Building's commitment to service and excellence, and to clearly identify its products from those made and serviced by another, Cleary Building identifies its blueprint construction plans and products with its marks.  Cleary Building's excellent reputation, commitment to service and excellence, and goodwill are embodied in its marks and logos. Cleary Building's Marks are an important part of Cleary Building's extensive advertising across at least 28 states, including use of the marks on clothing, brochures, Cleary Building vehicles, TV commercials, radio advertising, Cleary Building's website (www.clearybuilding.com) and on every building Cleary Building builds.  Cleary Building's advertising is part of its presence in 23 states, including five offices in Colorado alone.  The quality of Cleary Building's products, and the  success of its advertising is evidenced by over $120 million in annual sales.  As such, Cleary Building's Marks are famous marks.

## **Defendant's Wrongful Conduct**

16.     On or before September 3, 2008, Dame contacted Cleary Building's Franktown, CO sales office regarding the design and construction of a post frame building for use as a storage building.

17.     On September 3, 2008, Dame signed a contract (the "Contract") with Walter Fitzsimons, a Cleary Building sales person from the Franktown, CO office, for the construction of a 50' x 100' x 18' 8" post frame building (the "Building").  (A true and correct copy of the Contract is attached as Exhibit A.)  The Contract was assigned to Cleary Building on October 3, 2008.  (*Id.*)

18.     From September through November of 2008, Cleary Building undertook preparations for the Building's construction.  For example, during that time Cleary Building designed and manufactured parts and materials for the Building based on Dame's requests and specifications.  The parts and materials for the Building were shipped to the construction site on December 1, 2008.

19.     On or about December 10, 2008, Cleary Building began construction of the Building.

20.     Shortly after the project started on December 10, 2008, the project was put on hold on or about December 17, 2009 for the holidays.

21.     After the holiday work break, a Cleary Building crew returned to the construction site at the beginning of January 2009 to resume work.  Shortly thereafter, on or about January 14, 2009, Dame refused to allow access to the construction site until Cleary Building agreed to address Dame's concerns with a portion of the build.  Cleary Building was willing to work with Dame to address his concerns.

22.     On or about January 19, 2009, Dame refused Cleary Building access to the construction site a second time.  Again, Dame refused access to the site until Cleary Building agreed to address Dame's concerns about portions of the build.  Once again, Cleary Building was more than willing to address the issues raised by Dame.  As part of doing so, a Cleary Building representative and Dame walked through the site on or about February 2, 2009 and created a list of issues to be addressed.

23.     As work progressed, on or about March 4, 2009, Dame and Cleary Building performed a second walk through on the site and created a second list of issues to be addressed.

24.     At then end of March and beginning of April 2009, Cleary Building attempted to contact Dame to do a final walk through and list of corrections.  To date, Dame has refused to allow Cleary Building access to the Building to address final issues.

25.     On information and belief, Dame has used the building at least as early as April 15, 2009.

26.     In addition to Dame's direct dealings with Cleary Building, in or around January 2009 Dame also created the website www.myclearybuilding.com (the "Dame Website").

27.     At least as early as May 27, 2009, the Dame Website was using Cleary Building's blueprint plans, including Cleary Building's protected CLEARY BUILDING Logo as a background to the opening page. (A true and correct copy of the opening page of the Dame Website as of May 27, 2009 is attached hereto as Exhibit B.)

28.     Dame's use of Cleary Building's blueprint plans, and Cleary Building's CLEARY BUILDING Logo were without permission.

29.     The use of www.myclearybuilding.com as the Dame Website domain is confusingly similar to Cleary Building's www.clearybuilding.com domain and the word mark

portion of the CLEARY BUILDING Logo.  The confusing nature of the website is only compounded by Dame's use of a Cleary Building blueprint as a background for the Dame Website, including Dame's improper and unapproved use of the CLEARY BUILDING Logo. Moreover, on information and belief, Dame has knowingly selected the  Dame Website domain in order to mislead and confuse people, as evidenced by his use hyperlinked text "Cleary Building" on other websites in order to imitate Cleary Building's domain.  (See Exhibit C.)

30.     The confusing and misleading nature of Dame's Website was and is only further accentuated by Dame's advertising his Building for sale as a pretense to get people to view the Dame Website.  For example, as of May 27, 2009, Dame was offering to sell the Building in commerce with at least two online advertisements.   (See Exhibits D and E.)   In each advertisement, Dame encouraged potential buyers to go to the Dame Website, which included Cleary Building's blueprint background and Cleary Building's protected CLEARY BUILDING Logo. (*Id.*)

31.     In addition to using Cleary Building's blueprint, including the CLEARY BUILDING Logo, without permission, the Dame Website published, and/or is currently publishing, false and/or misleading statements including:

a)   "This project started in September 2008.  Here we are [April/May/June] of 2009 and I cannot put my equipment in the building."  This statement is false and misleading in two respects.  First, the statement is literally false and/or misleading because the project did not start until December 10, 2008.  Dame misrepresents the project length in an attempt to exaggerate the issue and mislead potential Cleary Building customers.  The false and misleading nature of this statement is only furthered by Dame publishing similarly false statements on other websites—including websites

that direct third parties to the Dame Website. (See Exhibits D and E (both stating "After 9 months of construction…" when construction did not start until December 2008 and each pointing to the Dame Website)).  Second, Dame's statement that he "cannot put [his] equipment in the building" is literally false because Dame can, and has, put equipment in his building.

b) "Cleary has actually declared the project finished AND requested final payment!" This statement is false and/or misleading.  Cleary Building has at no time "declared the project finished."  To the contrary, Cleary Building has consistently attempted to resolve this matter by addressing any necessary corrections.  Nor has Cleary Building "requested final payment."  While Cleary Building has filed a lien to protect its interest, this is not the same as requesting final payment.  Dame has misstated and misrepresented the actual facts in order to mislead potential Cleary Building customers.

c) On May 27, 2009, the Dame Website indicated that "This page has been accessed 2088 times."  (See Exhibit B.)  One day later, on May 28, 2009, the site stated "This page has been accessed 67,142 times."  (Exhibit F.)  On information and belief, Dame is misrepresenting the number of times the page has been accessed in a bad faith attempt to put undue pressure on Cleary Building.  In addition, on information and belief, Dame's inaccurate and/or fabricated access count is an illegitimate attempt to mislead potential Cleary Building customers that Dame has support.

### FIRST CLAIM FOR RELIEF
### FEDERAL CYBERSQUATTING UNDER 15 U.S.C. § 1125(D)

32.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 31.

33.     Cleary Building is owner of the CLEARY BUILDING Logo Federal trademark registration comprising and containing the word mark CLEARY BUILDING CORP. which is protected under the Lanham Act.  Dame registered the Dame Website domain well after Cleary Building's rights in its mark vested.

34.     Dame registered the Dame Website domain with the bad faith intent to profit from the Cleary Building Marks.

35.     Dame uses the Dame Website domain with the bad faith intent to profit from the from the Cleary Building Marks.

36.     Dame uses the Dame Website domain with the bad faith intent to attempt to gain an unfair and illegitimate advantage in negotiating with Cleary Building and has offered to remove the Dame Website if Cleary Building meets his demands.

37.     Dame registered the Dame Website domain after the Cleary Building Marks became distinctive by virtue of their use and registration by Cleary Building.

38.     The Dame Website domain is confusingly similar to the Cleary Building Marks.

39.     Defendant is therefore cybersquatting in violation of 15 U.S.C. § 1125(d)(1) and have caused damage to Cleary Building in an amount to be determined at trial.  Cleary Building is being irreparably harmed by the Dame Website domain, and Defendant's use thereof, and has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF
## TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(C)

40.    Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 39.

41.    The Cleary Building Marks are famous and distinctive as they are widely recognized by the general consuming public of the United States as a designation of source of the goods of Cleary Building.

42.    After Cleary Building's Marks became famous, Dame commenced use of Cleary Building's Marks and www.myclearybuilding.com in a way that was and is likely to cause dilution by tarnishment by association and which harms the reputation of the famous Cleary Building Marks.

43.    Cleary Building has no adequate remedy at law to redress the injuries that Dame has caused and intended to cause by his conduct.  Cleary Building will continue to suffer irreparable damage and sustain lost profits until Dame's actions alleged herein are enjoined by this Court.

44.    As a direct and proximate result of Dame's conduct, Cleary Building and the Cleary Building Marks have suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until Dame's actions as alleged herein are enjoined.

45.    As a direct and proximate result of Dame's actions, Cleary Building  has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

46.    Dame's wrongful dilution of the Cleary Building Marks is knowing, deliberate, and willful.  Cleary Building is therefore entitled to recover three times the amount of its damages as well as its attorneys' fees and costs incurred in this action.

### THIRD CLAIM FOR RELIEF
### TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114

47.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 46.

48.     Defendant's unauthorized replication and commercial use of the CLEARY BUILDING Logo constitutes trademark infringement in violation of 15 U.S.C. § 1114. Defendant's use of the CLEARY BUILDING Logo is likely to cause, and has actually caused, confusion, mistake, or deception in the market.

49.     As a direct and proximate result of Defendant's willful and intentional infringement, Cleary Building has suffered, and will continue to suffer, irreparable injury to its business, reputation, and goodwill, unless and until Defendant's actions as alleged herein are permanently enjoined.  Cleary Building has no adequate remedy at law.

50.     As a direct and proximate result of Defendant's actions, Cleary Building has suffered, and will continue to suffer, monetary damages in an amount to be proven at trial.

51.     Defendant's wrongful use of the CLEARY BUILDING Logo is knowing, deliberate, willful and fraudulent.  Cleary Building is therefore entitled to recover three times the amount of its damages as well as its attorney fees and costs incurred in this action.

### FOURTH CLAIM FOR RELIEF
### FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(A)

52.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 51.

53.     Cleary Building has been using its Cleary Building Marks in conjunction with building construction services in interstate commerce since the early 1980s and has developed

substantial goodwill in these marks in Cleary Building's common law territory prior to Dame's use of any Cleary Building Marks in commerce.

54.     Dame's use of the CLEARY BUILDING Logo in interstate commerce in connection with Dame's offers to sell the Building, and as part of Dame's efforts to tarnish Cleary Building and Cleary Buildings Marks, is likely to cause confusion, to cause mistake, and/or to deceive as an affiliation, connection, or association of Dame with Cleary Building, and/or as to the origin, sponsorship, and/or approval of Dame's goods, services, or commercial activities by Cleary Building.

55.     Dame is therefore engaged in unfair competition and false designation of origin in violation of 15 U.S.C. § 1125(a) and has caused damage to Cleary Building in an amount to be determined at trial.  Cleary Building is being irreparably harmed by the infringement and has no adequate remedy at law.

### FIFTH CLAIM FOR RELIEF
### FEDERAL FALSE ADVERTISING UNDER 15 U.S.C. § 1125(A)

56.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 55.

57.     Cleary Building has been using its Cleary Building Marks in conjunction with building construction services in interstate commerce since the early 1980s and has developed substantial goodwill in these marks in Cleary Building's common law territory prior to Dame's use of any Cleary Building Marks in commerce.

58.     Dame's use of the CLEARY BUILDING Logo in interstate commerce in connection with Dame's offers to sell the Building, and as part of Dame's efforts to tarnish Cleary Building and Cleary Buildings Marks, misrepresents the nature, characteristics, and/or qualities of Cleary Building's goods, services, and/or commercial activities.

59.     Dame is therefore engaged in false advertising in violation of 15 U.S.C. § 1125(a) and has caused damage to Cleary Building in an amount to be determined at trial.  Cleary Building is being irreparably harmed by the infringement and has no adequate remedy at law.

**SIXTH CLAIM FOR RELIEF**
**COMMON LAW TRADEMARK INFRINGEMENT**

60.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 59.

61.     Cleary Building has been using its Cleary Building Marks in conjunction with building construction services in interstate commerce since the early 1980s and has developed substantial goodwill in these marks in Cleary Building's common law territory prior to Dame's use of any Cleary Building Marks in commerce and in the state of Colorado.

62.     Dame's use of the CLEARY BUILDING Logo in Dame's common law territory, to include use in the State of Colorado, infringes and tarnishes Cleary Building's common law trademark rights.

63.     Dame's common law trademark infringement has damaged Cleary Building by causing Cleary Building to lose control of its reputation and by diverting sales away from Cleary Building and has caused damage to Cleary Building in an amount to be determined at trial. Cleary Building is being irreparably harmed by the infringement and has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF**
**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER COLO. REV. STAT. § 6-1-105**

64.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 63.

65.     Dame's aforementioned trademark infringement, cybersquatting and unfair competition constitutes unfair, false, misleading and deceptive acts and practices within the state of Colorado.

66.     Dame's unfair, false, misleading and deceptive acts and practices have affected commerce and the consuming public in the state of Colorado and have damaged Cleary Building. Dame is therefore engaged in unfair and deceptive trade practices in violation of COLO. REV. STAT. § 6-1-105 and has caused damage to Cleary Building in an amount to be determined at trial. Cleary Buildng is being irreparably harmed by the conduct and has no adequate remedy at law.

### EIGHTH CLAIM FOR RELIEF
### DEFAMATION UNDER COLORADO LAW

67.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 66.

68.     On the Dame Website, Dame has knowingly and intentionally published false and defamatory statements of material fact about Cleary Building Corp.

69.     Dame's false and defamatory statements were specifically directed toward Cleary Building and are unmistakably recognizable as injurious.

70.     Dame's false and defamatory statements have damaged Cleary Building by causing Cleary Building to lose control of its reputation and by diverting sales away from Cleary Building and has caused damage to Cleary Building in an amount to be determined at trial. Cleary Building is being irreparably harmed by Dame's statements and has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF
### TRADE DISPARAGEMENT UNDER COLORADO LAW

71.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 70.

72.     On the Dame Website, Dame has knowingly and/or recklessly published false and defamatory statements of material fact about Cleary Building Corp.

73.     Dame's false and defamatory statements were intended to result in harm to Cleary Building's pecuniary interests, or should have been recognized as likely to do so.

74.     Dame's false and defamatory statements have damaged Cleary Building by causing Cleary Building to lose control of its reputation and by diverting sales away from Cleary Building and has caused damage to Cleary Building in an amount to be determined at trial. Cleary Building is being irreparably harmed by Dame's statements and has no adequate remedy at law.

### TENTH CLAIM FOR RELIEF
### BREACH OF CONTRACT UNDER COLORADO STATE LAW

75.     Cleary Building incorporates by reference as if fully stated herein each and every allegation contained in paragraphs 1 through 74.

76.     The Contract signed by Dame constitutes a binding, enforceable contract.

77.     Under the Contract, Dame was to pay a total of $73,500.00 for the purchase of the Building.  To date, Dame has not paid $7,350.00 due upon completion.

78.     On information and belief, Dame has approved and accepted the Building through use.  (See Exhibit A, Contract at ¶ 11.)

79.     Cleary Building has substantially completed the Building and has satisfied, or attempted to satisfy, its obligations under the Contract.  Dame has refused to allow Cleary Building to handle any final corrections.

80.    Accordingly, Dame has failed to fulfill his obligations under the contract.

**PRAYER FOR RELIEF**

Cleary Building respectfully prays:

A.    Defendant, and any employees, representatives, and agents, be permanently enjoined from using any Cleary Building Mark, or any marks or designs confusingly similar to the Cleary Building Marks in conjunction with the marketing and sale of goods and services, or in any other form in commerce;

B.    Defendant cease all use of the Dame Website domain and turn ownership of the domain over to Cleary Building;

C.    Statutory damages of $100,000 for acts of cybersquatting under 15 U.S.C. § 1125(d)(1) and Cleary Building's attorneys' fees;

D.    The Court grant any and all damages suffered by Cleary Building resulting from Defendant's wrongful conduct;

E.    The Court grant any and all relief to which Cleary Building may be entitled pursuant to the Lanham Act, 15 U.S.C. §§ 1051 et seq., to include treble damages and Cleary Building's attorneys' fees;

F.    The Court grant any and all relief to which Cleary Building may be entitled pursuant to state law including state common law and Colo. Rev. Stat. § 6-1-113, to include enhanced damages and attorneys' fees;

G.    The Court grant punitive and/or exemplary damages for Defendant's defamatory and disparaging conduct;

H.    The costs of this action be taxed against Defendant; and

I.      The Court grant Cleary Building such other and further relief as the Court may deem just and proper.

Dated: July 2, 2009

COOLEY GODWARD KRONISH LLP

By: _s/ Eamonn Gardner_
            Attorneys for Plaintiff
            Cleary Building Corp.

Andrew Hartman (#32503)
Eamonn Gardner (#38088)
380 Interlocken Crescent
Suite 900
Broomfield, CO  80021-8023
Telephone:      (720) 566-4000

324194 v2/CO